# EXHIBIT A

# EXHIBIT A

19STCV16318
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Rafael Ongkeko
Electronically FILED by Superior Court of California, County of Los Angeles on 05/10/2019 10:01 AM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Vargas,Deputy Clerk

Dana L. Douglas, SBN 158548
**THE DOUGLAS LAW GROUP**
600 W. Santa Ana Blvd., Suite 1140
Santa Ana, California 92701
Telephone (714) 634-3800
Facsimile: (866) 927-0571

Attorneys for Plaintiff
ANDREA MRAZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ANDREA MRAZ, | Case No.: 19STCV16318 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1) Failure To Pay Overtime Wages |
| NAVIHEALTH, INC.; DOES 1-20, inclusive, | 2) Failure to Compensate for All Hours Worked |
| | 3) Failure to Provide Legally-Compliant Rest Periods |
| Defendants. | 4) Failure to Provide Legally-Compliant Meal Periods |
| | 5) Failure to Properly Itemize Pay Stubs |
| | 6) Violation of California Business and Professions Code §§17200, *et seq.* |
| | **DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff, ANDREA MRAZ ("MRAZ" or "plaintiff") and alleges as follows:

## I.

## THE PARTIES

1. Plaintiff was at all times relevant herein a resident of Los Angeles, County, State of California, and worked as a "Care Coordinator" for defendant NAVIHEALTH, INC. At all times relevant herein, plaintiff was a nonexempt hourly employee, who was misclassified as exempt by Defendant NAVIHEALTH, INC. Under Defendants' and each of their wage

1

**COMPLAINT FOR DAMAGES - DEMAND FOR JURY TRIAL**

compensation practices, Defendants and each of them misclassified Plaintiff, failed to pay Plaintiff overtime wages, failed to pay Plaintiff for all hours worked, willfully failed to provide Plaintiff with properly itemized wage statements, filed to timely pay Plaintiff for all hours worked, and failed to provide Plaintiff with legally compliant rest breaks or meal periods.

2. On information and belief, at all times relevant herein, Defendant, NAVIHEALTH, INC. ("NAVIHEALTH" or "Defendant") was and is a Delaware corporation, licensed to do business and doing business in the County of Los Angeles, State of California. At all times relevant herein, NAVIHEALTH was an employer as defined under California law and specifically the Labor Code, and employed Plaintiff in a nonexempt, hourly capacity under the law, though it misclassified Plaintiff as exempt.

3. Defendants DOES 1 through 20, inclusive, are sued under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's damages, as alleged in this complaint were proximately caused by such Defendants.

4. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the foregoing Defendants was the agent, representative, employee, co-conspirator, alter ego and/or servant of each of the remaining Defendants and was acting within the course and scope of that agency, representation, employment or service in doing and/or failing to do the acts herein alleged. Plaintiff is informed and believes and thereon alleges that these Defendants, and each of them, conspired together and willfully formed a deliberate design and purpose to, and/or entered into a scheme to, commit the acts and/or omissions herein alleged, and in pursuance thereof, did and/or caused to be done such acts and/or omissions; that all of said acts and/or omissions were participated in and were done by all of these Defendants, or any one or more of them, as steps in furtherance of said conspiracy and for the unlawful purposes set forth herein.

///

## II.

## JURISDICTION

5.  On information and belief, Defendant, NAVIHEALTH, is and at all relevant times was, doing business in the State of California, County of Los Angeles. As such, NAVIHEALTH has availed and subjected itself to the laws and jurisdiction of the State of California, County of Los Angeles.

6.  At all times relevant herein, Plaintiff was employed by Defendant NAVIHEALTH in the County of Los Angeles, State of California. Plaintiff at all times worked for Defendant in the County of Los Angeles, and all of the acts complained of occurred in the State of California, County of Los Angeles.

7.  The damages and other monetary relief sought in the instant action are in excess of $25,000.00.

## III.

## GENERAL ALLEGATIONS

8.  Defendant NAVIHEALTH employs individuals to work under various job titles within their "clinical" job family. The duties of the individuals who work within Defendant's "clinical" job family include "utilization review" and "care management" job functions, which attempt to reduce overall cost through prevention, early intervention, and care coordination between various health services providers. These employees are labeled with varying job titles. For purposes of this lawsuit, Plaintiff will refer to this group of non-supervisory employees as "Care Coordinators," which is a general term used by Defendants to describe this large group of clinical workers.

9.  At all times relevant herein, Plaintiff worked as a Care Coordinator for Defendant NAVIHEALTH.

10. The essential job duties of Care Coordinators consist of communicating with and gathering data from members and providers to document members' medical circumstances in Defendant's computer system ("Data Collection"), inputting member data into Defendant's computer system ("Data Entry"), using established guidelines to maximize utilization of plan

3

**COMPLAINT FOR DAMAGES - DEMAND FOR JURY TRIAL**

resources through application of predetermined criteria ("Care Utilization"), providing information to members and providers regarding plan benefits and resources to address members' healthcare needs ("Plan Education"), and working with members and providers to set up medical care ("Care Coordination"), and other similar work (collectively, "Care Coordination Work").

11. Defendant NAVIHEALTH misclassified Care Coordinators, including Plaintiff, as exempt from federal and state mandated overtime pay, paid them a salary, denied them lawful rest breaks and meal periods, and failed to pay them overtime despite regularly working over 40 hours per workweek.

12. Defendant NAVIHEALTH also gave Care Coordinators, including Plaintiff, work on short deadlines in such volume that Care Coordinators, including Plaintiff, were unable to complete their daily work requirements within eight hours' work. Even with putting in extra hours, plaintiff and other Care Coordinators were unable to take mandated rest breaks and meal periods. Defendant NAVIHEALTH required Care Coordinators to document meal periods that were never taken, and actively worked to prevent Care Coordinators, including Plaintiff, from being able to take rest breaks or meal periods where they were off-duty and free from employer control.

13. Due to the manner in which Defendant, NAVIHELATH, structured the work days for Care Coordinators, including Plaintiff, Plaintiff was unable to complete her work in eight hours, even without rest breaks and meal periods. Plaintiff was told to clock out for meal periods, but to continue working. Even though she worked through lunch breaks, Plaintiff was required to work beyond her 9-hour shift each day, never working less than 10 hours per day, and sometimes working up to 16 hours per day. Her work days averaged 11-12 hours per day, with no overtime compensation.

14. Plaintiff and other Care Coordinators would receive "alerts" and assignments throughout the workday through Defendant NAVIHEALTH's computer systems, called CM Tool and NaviHealth Coordinate, that required immediate action. Each such alert would have to be "resolved" within no more than 2-4 hours. Care Coordinators often had to wait for others to

complete work before they could resolve their own assignments, making the time to completion even longer than it would normally take. Daily, Plaintiff was assigned more alerts than could be completed in an eight-hour work day. This resulted in Plaintiff and other Care Coordinators working long days, well beyond eight hours, during which they were unable to take a lawful rest break or meal period. No overtime for hours in excess of 8 per day or 40 per week was ever paid, and no premiums for missed rest breaks or meal periods were ever paid.

15. In or around 2016, Plaintiff was assigned to a new "high difficulty" team with even more difficult requirements. Plaintiff's alerts would still have to be resolved within 2-4 hours, but there were many more of them. Had Plaintiff taken a lunch break, she would come back to find four or more new assignments in her inbox, all of which had to be resolved within the 2-4-hour window, and which sometimes consisted of hundreds of pages each, making meal periods and completion of work in a timely manner functionally impossible.

16. When Plaintiff brought to the attention of her supervisor that the workload was impossible to complete in the time allotted, her supervisor replied in a recorded meeting, "Just put yourself on lunch and keep working." Plaintiff took that to mean that she was to clock out for her meal period as if she were taking it, but to not actually take the meal period, and instead to keep working in order to have a better chance of managing and completing her daily workload.

17. Defendant NAVIHEALTH routinely required Plaintiff and other Care Coordinators to work extra hours without compensation. For instance, as recently as February 1, 2019, Plaintiff (who works remotely) and her coworkers were instructed, "For those of you working remotely, we are asking that you commit to additional hours at the end of your shift to keep the ball rolling. For our Humana/Sheerwater PSCs, you will continue to work in those queues as directed by your CTM. ... We are also asking for colleagues to work on Saturday for at least 4 hours to assist with the weekend volume. ... We would also appreciate any time that can be worked on Sunday as well. Comp time will also be given (to be used at a later date with manager approval)." No overtime was paid for these extra hours.

///

**COMPLAINT FOR DAMAGES - DEMAND FOR JURY TRIAL**

18. Plaintiff is certified for her work in California. Even though Plaintiff works solely in California, Defendant NAVIHEALTH also requires Plaintiff to be certified in multiple additional states, and its policy requirement is for her to become certified in all 50 states, necessitating additional certifications each year of employment. This requires many hours of study and testing for each state, each year, amounting to hundreds of hours of work each year for all 50 states. Defendant NAVIHEALTH does not pay for the time required to study for, test for, obtain, and keep all such certifications. NAVIHEALTH requires that all those hours be uncompensated and done on Plaintiff's "personal time."

19. Defendant NAVIHALTH failed to pay Plaintiff for any of the overtime hours she worked. During the course of her employment with Defendant NAVIHEALTH, Plaintiff complained to Defendants and each of them about not being allowed to take rest periods or meal breaks. Plaintiff also complained about having to work overtime after her shift was finished and not getting compensated for it. Defendants, and each of them, responded to Plaintiff's complaints by telling them that "that's how it is sometimes," or words to that effect. But it was not just "sometimes," it was every shift.

20. Defendant NAVIHEALTH knowingly and intentionally failed to furnish Plaintiff with an accurate itemized wage statements in writing showing gross wages earned, total hours worked, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

21. This action seeks unpaid wages for all hours worked, interest on unpaid wages, compensation for failure to furnish overtime wages, compensation and penalties for missed rest break and meal periods, compensation for failure to furnish timely wage statements accurately showing total hours worked, waiting time penalties, and reasonable attorneys' fees and costs, under, *inter alia*, Labor Code §§ 218.5, 218.6, 221, 223, 226, 226.3, 226.7, 510, 512, 558, 1174.5, 1194, 1194.2, 1194.5, 1197, 1197.1, 2802, and Code of Civil Procedure § 1021.5. Plaintiff suffered unpaid wages for all hours worked based on Defendants, and each of their, refusal to provide rest and meal periods to Plaintiff in the State of California at any time since four years prior to the filing of this Complaint. Plaintiff also seeks restitution of all benefits

Defendants have enjoyed from their failure to pay for all hours worked, failure to pay overtime wages, failure to provide accurate statements of hours worked to Plaintiff, failure to keep required payroll records, and seeks injunctive relief under Business and Professions Code §§ 17200-17208.

## FIRST CAUSE OF ACTION

### Failure To Pay Overtime

(By Plaintiff As Against All Defendants)

22. Plaintiff re-alleges and incorporates by reference each and every allegation contained hereinabove as though fully set forth herein.

23. Pursuant to the Industrial Welfare Commission Order 5-2001, or other applicable Wage Order, Plaintiff is entitled to unpaid overtime compensation for the four (4) years preceding the filing of this action, calculated at one and one-half (1 ½) times the hourly rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the rate of pay for all hours worked in excess of twelve (12) hours per day.

24. IWC Wage Order 5-2001 requires that employees shall not be employed more than eight (8) hours a day or more than forty (40) hours per week unless employee receives one and one-half (1 ½) times of employee's regular rate worked over forty (40) hours. Work beyond eight (8) hours a day or more than six (6) days a week is permissible if overtime is compensated at not less than:

a. One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

b. Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

c. The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary.

25. Plaintiff was a misclassified non-exempt employee entitled to the protections of the Industrial Welfare Commission Orders mentioned herein, California Code of Regulations, Title 8, Section 11010.

26. Defendant NAVIHEALTH; DOES 1-20, and each of their conduct described herein violates California Labor Code, Sections 512, 558, 1194 and 1198. Therefore, pursuant to Labor Code Sections 218.5, 512, 558 and 1194, Plaintiff is entitled to recover damages for the nonpayment of wages for all hours worked, penalties plus reasonable attorneys' fees.

27. Defendant NAVIHEALTH; DOES 1-20, and each of them willfully refuse and continue to refuse to pay Plaintiff's overtime in a timely manner, as required by the aforementioned statutes. Plaintiff therefore requests restitution and penalties, plus reasonable attorneys' fees, as provided by the California Labor Code.

28. Under Labor Code section 1194, Plaintiff is entitled to an award of reasonable attorney fees and costs in this action for the nonpayment the legal overtime compensation. Labor Code section 510 (a) defines "overtime compensation" as "one and one-half times the regular rate of pay for an employee," which includes the amounts owed by Defendants to the Plaintiff described in this cause of action.

29. Under Labor Code section 1194.6, Plaintiff is entitled to an award of interest on all due and unpaid wages at the rate of interest specified in Civil Code section 3289, subdivision (b), in this action for the nonpayment of the legal overtime compensation and including costs of suit.

30. Labor Code section 1199, requires every employer, person, officer, agent or employee of another person shall be liable for any violation of sections of the Labor Code as described hereinabove, including Labor Code § 1194 and 1198.

31. As a proximate result of the aforementioned violations, Plaintiffs has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

///

///

## SECOND CAUSE OF ACTION

### Failure to Compensate for All Hours Worked

(By Plaintiff As Against All Defendants)

32. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

33. California Labor Code §204 provides that wages for all work performed must be paid "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

34. Plaintiff was required by Defendants to work without compensation for work Plaintiff performed. Thus, Plaintiff was forced to perform work for the benefit of Defendants without compensation.

35. In violation of state law, Defendants knowingly and willfully refused to perform their obligations to provide Plaintiff with compensation for all time worked as required by California Law. Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff, with improper motives amounting to malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

36. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial. Pursuant to Labor Code§ 218.5 and 218.6, Plaintiff is entitled to an award of reasonable attorneys' fees and costs and to interest on all due and unpaid wages.

37. Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code §§ 1194, *et seq.*, applicable Wage Orders, and 8 CCR § 11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows: (l) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover

underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

38. Wherefore, Plaintiff requests relief as hereinafter provided within the jurisdiction of this Court.

## THIRD CAUSE OF ACTION

### Failure to Provide Legally-Compliant Rest Periods

(By Plaintiff As Against All Defendants)

39. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

40. California Labor Code §§226.7 and 512 and the applicable IWC wage orders require Defendants to provide meal and rest periods to their nonexempt, hourly employees. Section 226.7 and the applicable wage orders require employers to provide employees ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the ten-minute rest period, the employee is considered "on duty" and the rest period is counted as time worked under the applicable wage orders.

41. Under §226.7(b) and the applicable wage orders, an employer who fails to provide a required rest period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

42. Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to afford Plaintiff an opportunity to take an uninterrupted 10-minute rest break for every four hours or major fraction thereof worked. Defendants and each of them continued to exercise control over Plaintiff during rest periods. Defendants have also failed to pay Plaintiff one hour of pay for each rest period that they were not afforded. Defendants' conduct described herein violated California Labor Code §§226. 7 and 512, and the applicable wage orders. Therefore, pursuant to Labor Code §226. 7(b), Plaintiff is entitled to compensation for the failure to provide rest periods, plus interest, attorneys' fees, expenses and costs of suit.

43. Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code §§ 1194, *et seq.*, Wage Order No. 6 and/or other applicable Wage Orders, and 8 CCR § 11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

44. Wherefore, Plaintiff requests relief as hereinafter provided, within the jurisdiction of this Court.

## FOURTH CAUSE OF ACTION

### Failure to Provide Legally-Compliant Meal Periods

(By Plaintiff As Against All Defendants)

45. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

46. California Labor Code §§226.7 and 512 and the applicable IWC wage orders require Defendants to provide meal and rest periods to their nonexempt, hourly employees. Section 226.7 and the applicable wage orders require employers to provide employees thirty minutes of uninterrupted meal period by the end of the fifth hour of work, during which employees are completely free from the control of the employer. Unless the employee is relieved of all duty during the 30-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable wage orders.

47. Under §226.7(b) and the applicable wage orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

48. Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to afford Plaintiff an opportunity to take an uninterrupted 30-minute

11

**COMPLAINT FOR DAMAGES - DEMAND FOR JURY TRIAL**

meal period before the end of the fifth hour of work. Defendants and each of them continued to exercise control over Plaintiff during meal periods. Defendants have failed to pay Plaintiff her hourly wage during missed meal periods. Defendants also failed to pay Plaintiff a penalty of one hour of pay for each meal period that she was not afforded. Defendants' conduct described herein violated California Labor Code §§226. 7 and 512, and the applicable wage orders. Therefore, pursuant to Labor Code §226. 7(b), Plaintiff is entitled to compensation for the failure to provide meal periods, plus interest, attorneys' fees, expenses and costs of suit.

49. Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code §§ 1194, *et seq.*, applicable Wage Orders, and 8 CCR § 11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

Wherefore, Plaintiff requests relief as hereinafter provided, within the jurisdiction of this Court.

### FIFTH CAUSE OF ACTION

**Failure to Properly Itemize Pay Stubs in Violation of California Labor Code §§226(a) and 226(e)**

(By Plaintiff As Against All Defendants)

50. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

51. At all times relevant to this Complaint, California Labor Code section 226 was in effect and provided *(inter alia)* that, upon paying and employee his or her wages, the employer must: furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose

compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

52. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants willfully failed to furnish the Plaintiff with proper and accurate itemized written statements containing (without limitation): all the hours that Plaintiff worked; gross wages earned; net wages earned; total hours worked; and due and owing meal- and rest-period premiums.

53. Plaintiff alleges that each of the Defendants' failure to furnish her with proper itemized wage statements was done knowingly and intentionally, and that Plaintiff suffered injury thereby. Thus, under California Labor Code section 226(e), Plaintiff is "entitled to recover greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) [per employee] ... "

54. Plaintiff is also entitled to all reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(e).

55. Wherefore, Plaintiff requests relief as hereinafter provided, within the jurisdiction of this Court.

### SIXTH CAUSE OF ACTION

**Violation of California Business and Professions Code §§17200, *et seq.***

(By Plaintiff As Against All Defendants)

56. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

57. California Business and Professions Code §§ 17200 *et seq.* (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

58. California Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

59. Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

60. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to: a. violations of Labor Code §204 pertaining to the payment of wages for all hours worked; b. violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest periods; and c. violations of Labor Code §§201-203.

61. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200, *et seq.*

62. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200, *et seq.* Among other things, the acts and practices have taken from Plaintiff wages rightfully earned by her, while enabling each of the Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

63. Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any

practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

64. As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property, in the form of unpaid wages that are due and payable to her.

65. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition. Plaintiff is entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four year period prior to the filing of this Complaint.

66. Business and Professions Code § 17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiff is entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

67. Plaintiff seeks, and is entitled to, unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

68. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

69. Wherefore, Plaintiff requests relief as hereinafter provided.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Damages, penalties, and restitution according to proof at trial for all unpaid wages, unpaid overtime wages, and other injuries, as provided by the California Labor Code;

2. For penalties pursuant to *Labor Code* §512 and 558;

3. For restitution of all monies due to Plaintiff and disgorgement of profits from the unlawful business practices of Defendants;

4. For punitive and/or exemplary damages in an amount to be proven at trial;

5. For prejudgment interest according to law;

6. For an order awarding the Plaintiff penalties, with interest thereon;

7. For an award of reasonable attorneys' fees as provided by the California Labor Code; California Code of Civil Procedure § 1021.5; and/or other applicable law;

8. For all costs of suit; and

9. For such other and further relief as this Court deems just and proper.

Dated: May 9, 2019                                THE DOUGLAS LAW GROUP

                                                  *Dana Douglas* (signature)

                                        By: _____
                                             Dana L. Douglas
                                             Attorneys for Plaintiff,
                                             ANDREA MRAZ

## DEMAND FOR JURY TRIAL

Plaintiff ANDREA MRAZ hereby demands a trial by jury on all issues so triable.

Dated: May 9, 2019

THE DOUGLAS LAW GROUP

By: _____
Dana L. Douglas
Attorneys for Plaintiff
ANDREA MRAZ